**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
Aaron M. Bender, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel (609) 987-0050
Fax (609) 951-0824
*Attorneys for Defendants Wells Fargo Bank National Association,*
*Wells Fargo Home Mortgage, Reed Smith LLP, and*
*Federal National Mortgage Association*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATO H. SPARKMAN, | Civil Action No. 2:22-cv-07256 |
| Plaintiff, | DOCUMENT ELECTRONICALLY FILED |
| v. | |
| WELLS FARGO BANK NATIONAL ASSOCIATION; WELLS FARGO HOME MORTGAGE; PHELAN HALLINAN & SCHMIEG, PC; REED SMITH LLP; and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | *Motion Returnable: February 21, 2023* |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY ..........3

    The Loan's Origination; the Default; and State Foreclosure Action ..............3

    Plaintiff's First Collateral Attack and the District Court's Dismissal of Claims ..................................................................................................................4

    Plaintiff Re-Files the Same Precluded Claims in the New Jersey Superior Court; Defendants Remove Plaintiff's Complaint to this Court ......................................................................................................................6

LEGAL ARGUMENTS.....................................................................................7

I.      STANDARD OF REVIEW ON A MOTION TO DISMISS.........................7

    A.    This Court Lacks Subject Matter Jurisdiction.......................................7

    B.    The Complaint Fails To State A Claim.................................................8

II.    AS THIS COURT ALREADY FOUND IN THE FIRST COLLATERAL ATTACK, PLAINTIFF'S CLAIMS ARE BARRED BY THE ENTRY OF FINAL JUDGMENT IN THE FORECLOSURE ACTION..................................................................8

    A.    The *Rooker-Feldman* Doctrine Deprives This Court Of Subject Matter Jurisdiction.......................................................................9

    B.    Plaintiff's Complaint Is Barred By The Entire Controversy Doctrine ...............................................................................13

    C.    Plaintiff's Claims Are Barred By *Res Judicata* And Collateral Estoppel .................................................................................16

III.   PLAINTIFF'S CLAIMS ARE BARRED BY NEW JERSEY'S LITIGATION PRIVILEGE................................................................18

IV.   PLAINTIFF FAILS TO STATE A VIABLE CLAIM FOR RELIEF AGAINST DEFENDANTS ...........................................................19

A.   Plaintiff's Complaint is Devoid of Any Specific Claim Against Fannie Mae or Reed Smith ................................................................. 19

B.   The Complaint's Abuse of Process Count Fails ................................. 20

C.   Plaintiff's RICO Conspiracy Claim Is Legally Deficient ................. 22

D.   Plaintiff's Allegations under the CFA Fail ....................................... 24

     i.    Plaintiff's CFA claim is time-barred. ...................................... 24

     ii.   Plaintiff has not pled the elements necessary to maintain a CFA claim. ....................................................................... 25

E.   Plaintiff's FDCPA Claim Has No Merit ............................................ 26

     i.    Plaintiff's FDCPA claim is barred by the statute of limitations. ................................................................................. 26

     ii.   The FDCPA does not apply. ..................................................... 26

F.   The Complaint Fails to State a Claim under the FCRA ..................... 28

     i.    There is no private right of action for consumers directly against data furnishers. ........................................................... 29

     ii.   Plaintiff does not allege that he notified the credit bureaus of the alleged controversy. ........................................... 29

G.   Plaintiff Fails To State A Claim For Common Law Fraud ................. 30

H.   Plaintiff's Claim For Unjust Enrichment Is Not Sustainable ............. 31

I.   Plaintiff's Negligence Claim Is Unsustainable ................................. 32

J.   Plaintiff's Conversion Claim Fails As A Matter Of Law .................. 33

K.   Plaintiff Cannot Maintain a Loss of Consortium Claim .................... 34

L.   Plaintiff's Claim for Defamation Fails ............................................... 34

M.   Plaintiff Has No Claim Under the Real Estate Settlement Procedures Act ..................................................................................... 35

        i.     Plaintiff is not entitled to multiple loss mitigation reviews. ...............................................................35

        ii.    Plaintiff has not identified any damages from a purported RESPA violation. ........................................36

N.    Plaintiff's Quiet Title And Declaratory Judgment Claims Fail ..........37

O.    Plaintiff's Fails to State a Claim for Breach of Contract ...................38

P.    Plaintiff's Uniform Electronic Transactions Act Claim Fails............38

Q.    Plaintiff's Fair Foreclosure Act Claim is Unsustainable ...................39

CONCLUSION .........................................................................................40

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acampora v. Boise Cascade Corporation*,
  653 F. Supp. 66 (D.N.J. 1986)...................................................................24

*In re Advanta Corp. Sec. Litig.*,
  180 F.3d (3d. Cir. 1999) .........................................................................24

*Anza v. Ideal Steel Supply Corp.*,
  547 U.S. 451 (1991)...............................................................................23

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................8

*Baglini v. Lauletta*,
  338 N.J. Super. 282 (App. Div. 2001).........................................................22

*Bank of Am., N.A. v. Westheimer*,
  No. 12-7080 (JAP), 2014 BL 55500 (D.N.J. Feb. 28, 2014) .............................9

*Barret Fin. of N. Jersey, LLC v. Creative Fin. Grp. of N.J.*,
  No. 13-5621, 2018 BL 262565 (D.N.J. July 24, 2018) ...................................32

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................8

*Bonnco Petrol, Inc. v. Epstein*,
  115 N.J. 599 (1989) ...............................................................................31

*Cohen v. Kurtzman*,
  45 F.Supp.2d 423 (D.N.J. 1999)..................................................................8

*Cotter v. Newark Housing Auth.*,
  No. 09–2347, 2010 WL 1049930 (D.N.J. Mar. 17, 2010) ...............................38

*Cox v. Sears Roebuck & Co.*,
  138 N.J. 2 (1994) ...................................................................................25

*Dabush v. Mercedes-Benz USA, LLC*,
  378 N.J. Super. 105 (App. Div. 2005).........................................................25

*DiIorio v. Structural Stone & Brick Co.*,
    368 N.J. Super. 134 (App. Div. 2004) ................................................................24

*District 1199P Health and Welfare Plan v. Janssen, L.P.*,
    784 F.Supp. 2d 508 (D.N.J. 2011) ....................................................................23

*District of Columbia Court of Appeals v. Feldman*,
    46 U.S. 462 (1983) ...........................................................................................10

*Edwards v. Wells Fargo Bank Nat'l Ass'n*,
    Case No. 1:19-cv-14409, 2023 U.S. Dist. LEXIS 1735 (D.N.J. Jan.
    5, 2023) ..............................................................................................................1

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005) .........................................................................................10

*Federacion de Maestros de Puerto Rico v. Junta de Relaciones del
    Trabajo de Puerto Rico*,
    410 F.3d 17 (1st Cir. 2005) ..............................................................11, 12, 13

*Gennari v. Weichert Co. Realtors*,
    148 N.J. 582 (1997) ..........................................................................................31

*Gilarmo v. U.S. Bank N.A.*,
    643 Fed.Appx. 97 (3d Cir. 2016) ......................................................................21

*Globe Motor Car Co. v. First Fid. Bank, N.A.*,
    273 N.J. Super. 388 (Law. Div. 1993), *aff'd*, 291 N.J. Super. 428
    (App. Div.), *cert. denied*, 147 N.J. 263 (1996) ...............................................33

*Glover v. F.D.I.C.*,
    698 F.3d 139 (3d Cir. 2012) .............................................................................26

*Great Falls Bank v. Pardo*,
    263 N.J. Super. 388 (Ch. Div. 1993), *aff'd*, 273 N.J. Super. 542
    (App. Div. 1994) .................................................................................................9

*Hawk v. Carrington Mortg. Servs., LLC*,
    NO. 3:14-1044, 2016 BL 203621 (M.D. Pa. June 23, 2016) ...........................37

*Hawkins v. Harris*,
    141 N.J. 207 (1995) ..........................................................................................19

*Henderson v. Equable Ascent Fin., LLC*,
2011 WL 5429631 (D.N.J. Nov. 4 2011) ......................................................29, 30

*Henson v. Santander Consumer USA, Inc.*,
582 U.S. 79 (2017) ..........................................................................................27

*Huertas v. Galaxy Asset Management LLC*,
641 F.3d 28 (3rd Cir. 2011) ......................................................................23, 29

*Hutchinson v. Delaware Sav. Bank, FSB*,
410 F. Supp. 2d 374 (D.N.J. 2006) ...................................................................36

*In re K-Dur Antitrust Litig.*,
338 F.Supp.2d 517 (D.N.J. 2004) .....................................................................32

*Kelly v. Gwinnell*,
96 N.J. 538 (1984) .........................................................................................33

*Kernan v. One Wash. Park Urban Renewal Assocs.*,
154 N.J. 437 (1998) .......................................................................................33

*Leisure Tech. v. Klingbeil Holdings Co.*,
349 A.2d 96 (App. Div. 1975) .........................................................................14

*Loigman v. Twp. Comm. of Twp. of Middletown*,
185 N.J. 566 (2006) .......................................................................................18

*Malhan v. Secretary United States Department of State*,
938 F.3d 453 (3d Cir. 2019) .......................................................10, 11, 12, 13

*Manhattan Woods Golf Club, Inc. v. Arai*,
312 N.J. Super. 573 (App. Div. 1998) ..............................................................14

*Martinez v. Granite State Mgmt. and Res.*,
2008 WL 5046792 (D.N.J. Nov. 20, 2008) .......................................................30

*McLean v. GMAC Mortg. Corp.*,
398 F. App'x 467 (11th Cir. 2010) ..................................................................37

*Migra v. Warren City School Dist. Bd. Of Ed.*,
465 U.S. 75 (1984) ........................................................................................17

*Mueller v. Technical Devices Corp.*,
8 N.J. 201 (1951) ..................................................... 33

*In re Mullarkey*,
536 F.3d 215 (3d Cir. 2008) .................................... 14

*Napoli v. HSBC Mortg. Servs., Inc.*,
No. 12-CV-222, 2012 U.S. Dist. LEXIS 121204 (D.N.J. Aug. 27.
2012) ....................................................................... 13

*Naporano Iron & Metal*,
79 F. Supp. 2d (D.N.J. 2000) .................................. 24

*New Jersey Protection & Advocacy, Inc. v. New Jersey Dept. of
Educ.*,
563 F.Supp.2d 474 (D.N.J. 2008) ........................... 7

*Paradise Hotel Corp.*,
842 F.2d 47 (3d Cir. 1988) ...................................... 33

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
998 F.2d 1192 (3d Cir. 1993) .................................. 3

*Penwag Prop. Co., Inc. v. Landau*,
148 N.J. Super. 493 (App. Div. 1977)................. 21, 22

*Peterson v. Ballard*,
292 N.J. Super. 575 (App. Div. 1996) .................... 19

*Puche v. Wells Fargo Bank, N.A.*,
Civ. No. 16-05195 (D.N.J. June 22, 2017) ............. 14

*Real v. Radir Wheels, Inc.*,
198 N.J. 511 (2009) ................................................ 25

*Rickenbach v. Wells Fargo Bank, N.A., et al.*,
635 F. Supp. 2d 389 (D.N.J. 2009).......................... 18

*Riemer v. St. Clare's Riverside Med. Ctr.*,
300 N.J. Super. 101 (App. Div.), *certif. denied*, 125 N.J. 188
(1997)...................................................................... 14

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923)...................................................................................10

*Sacharow v. Sacharow*,
177 N.J. 62 (2003) ...................................................................................17

*Saporito v. Combustion Eng'g Inc.*,
843 F.2d 666 (3d Cir. 1988), vacated on other grounds, 489 U.S.
1049 (1989)...............................................................................................31

*SBK Catalogue P'Ship v. Orion Pictures Corp.*,
723 F. Supp. 1053 (D.N.J. 1989).............................................................21

*Sedima v. Imrex Co.*,
473 U.S. 479 (1985)..................................................................................23

*Shelton v. Restaurant.com, Inc.*,
214 N.J. 419 (N.J. 2012)...........................................................................39

*State v. Redinger*,
64 N.J. 41 (1973) ......................................................................................17

*Tarus v. Pine Hill*,
189 N.J. 497 (2007) ..................................................................................17

*Tedards v. Auty*,
232 N.J. Super. 541 (1989) .......................................................................21

*Tepper v. Amos Financial, LLC*,
898 F.3d 364 (3d Cir. 2018) .....................................................................27

*Tichenor v. Santillo*,
218 N.J. Super. 165 (App. Div. 1987).......................................................34

*Twp. Of Middletown v. Simon*,
193 N.J. 228 (2008) ..................................................................................18

*Tynan v. Curzi*,
322 N.J. Super. 267 (App. Div. 2000).......................................................34

*J.V. ex rel. Valdez v. Macy's, Inc.*,
2014 WL 4896423 (D.N.J. Sept. 30, 2014).............................................34

*Velasquez v. Franz,*
   123 N.J. 498 (1991) ...........................................................................................17

*Video Pipeline, Inc. v. Buena Vista Home Enter., Inc.,*
   275 F. Supp. 2d 543 (D.N.J. 2003) ...................................................................34

*Warden v. McLelland,*
   288 F.3d 105 (3rd Cir. 2002) .............................................................................24

*Watkins,*
   124 N.J. at 412 ...................................................................................................17

*Weinberg v. Sprint Corp.,*
   173 N.J. 233 (2002) ...........................................................................................25

*Williamson v. Tucker,*
   645 F.2d 404 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981) ..............................8

**Statutes**

15 U.S.C. § 1681s-2(a) ..............................................................................................29

15 U.S.C. § 1692(c) ...................................................................................................28

15 U.S.C. § 1692(d) ...................................................................................................28

15 U.S.C. § 1692(e) ...................................................................................................28

15 U.S.C. § 1692(f) ....................................................................................................28

15 U.S.C. § 1692a(2) .................................................................................................28

15 U.S.C. § 1692k(d) .................................................................................................26

18 U.S.C. § 1961(1) ...................................................................................................23

18 U.S.C. § 1961(5) ...................................................................................................23

18 U.S.C. § 1961(6) ...................................................................................................23

18 U.S.C. § 1962(c) ...................................................................................................22

28 U.S.C. § 1257 ........................................................................................................10

N.J.S.A. § 2A:14-1 .....................................................................................................24

N.J.S.A. § 2A:50-53, *et seq*. ...................................................................................40

N.J.S.A. § 2A:62-1 ................................................................................................37

N.J.S.A. § 2C:41-1.a ............................................................................................23

N.J.S.A. § 2C:41-2.a ............................................................................................22

N.J.S.A. § 12A:12-1 ..............................................................................................38

N.J.S.A. § 12A:12-5(b) ........................................................................................39

N.J.S.A. § 12A:12-7 ..............................................................................................39

N.J.S.A. § 12A:12-7(b) ........................................................................................39

N.J. Stat. Ann. § 2C:41-1.e ................................................................................23

**Rules**

Fed. R. Civ. P. 9(b) ..............................................................................................31

**Regulations**

12 C.F.R. § 1024.41(i) ........................................................................................36

**Other Authorities**

L. 2001, c. 116, § 6 ..............................................................................................38

## PRELIMINARY STATEMENT

This action filed by Plaintiff Ato H. Sparkman's ("Plaintiff") through his counsel, Joshua L. Thomas, Esq., amounts to nothing more than frivolous litigation, forum shopping, and a waste of the Court's limited resources. The claims asserted by Plaintiff through his counsel have already been reviewed and found to be barred by the preclusive effects of the *Rooker-Feldman* Doctrine and the Entire Controversy Doctrine. In a blatant attempt to circumvent this Court's previous decision that the claims are precluded, Plaintiff and his counsel disingenuously re-filed the same exact claims in state court. These shenanigans are nothing new for Plaintiff's counsel, who is obviously undeterred by the long and inglorious history of reprimands and sanctions by various courts for filings and tactics exactly like this new case.[1]

Each one of Plaintiff's claims relate to a previously litigated state foreclosure action. In 2012, Plaintiff's property was the subject of a foreclosure action in the

---

[1] Mr. Thomas' most recent sanction was by this Court on January 5, 2023. *See Edwards v. Wells Fargo Bank Nat'l Ass'n*, Case No. 1:19-cv-14409, 2023 U.S. Dist. LEXIS 1735, *1-2 (D.N.J. Jan. 5, 2023) (sanctioning Mr. Thomas $5,000 under Fed. R. Civ. P. 11 and noting "Thomas' modus operandi is to file a lengthy boiler plate complaint presenting convoluted, disjointed and disproven conspiracy theories about the manner in which mortgages are originated, recorded and serviced with a goal of complicating and forestalling the residential real estate foreclosure process. [Mr. Thomas'] motive is financial. In exchange for delaying the foreclosure and eviction process through his frivolous pleadings, [Mr. Thomas] convinces the mortgagor, or in some cases a tenant, to pay him the mortgage or rental payment rather than the mortgagee.").

New Jersey Superior Court, Docket Number ESX-F-002379-12 (the "Foreclosure Action"). Summary Judgment and Final Judgment were awarded to Wells Fargo Bank, N.A.[2] ("Wells Fargo") in the Foreclosure Action. Those rulings were affirmed on appeal.

This newest complaint is based on the same previously rejected claims that Wells Fargo lacked standing to foreclose and that the Note and Mortgage were forged. In obtaining Final Judgment in the Foreclosure Action, Wells Fargo was required to prove that the Note and Mortgage were valid. As Wells Fargo obtained Final Judgment, the validity of the Note and Mortgage were conclusively established. The state court ruling was affirmed on appeal. At its core, this action is yet another baseless attempt to collaterally attack a fully litigated state foreclosure action. Plaintiff asserts nothing new in this action to warrant this Court altering its well-reasoned decision to dismiss these same claims.

In this newest iteration, Plaintiff and his counsel also baselessly and improperly named Reed Smith LLP ("Reed Smith") and Phelan, Hallianan & Schmeig as defendants. In addition to failing to state any claims, Reed Smith is protected by the litigation privilege.

In addition to the preclusive effects of *Rooker-Feldman* Doctrine and the

---

[2] Wells Fargo Bank, N.A., improperly identified separately as Defendants Wells Fargo Bank National Association and Wells Fargo Home Mortgage, are collectively referred to herein as "Wells Fargo".

Entire Controversy Doctrine, Plaintiff's claims are also barred by *res judicata*, collateral estoppel, and the New Jersey litigation privilege. Even if any of Plaintiff's claims were not barred by the above preclusive doctrines, the claims still fail to state any sustainable cause of action and should be dismissed for the reasons set forth herein.

Accordingly, Defendants Wells Fargo, Reed Smith LLP ("Reed Smith"), and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants") respectfully request that this Court dismiss Plaintiff's Complaint, with prejudice, as it is clear any amendment would be futile.

## STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

### The Loan's Origination; the Default; and State Foreclosure Action

On November 30, 2007, Plaintiff entered into a $275,000.00 Fixed Rate Note with Wells Fargo. *Case No. 2:19-cv-02351, DE 12-3.*[3] The Note was secured by a Mortgage on the property located at 101 Burchard Avenue, East Orange, New Jersey 07017 (the "Property"). *Id.* The Mortgage was recorded on December 7, 2007. *Id.*

Plaintiff failed to make the Mortgage payments and the loan went into default on February 1, 2011. *Id.* In light of Plaintiff's undisputed loan default, Wells Fargo filed the Foreclosure Action on February 8, 2012. *Id.* In response to Wells Fargo's

---

[3] The attached exhibits are documents relied on in the pleadings or public records that may be properly relied upon by the Court in deciding this Motion. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Motion for Summary Judgment, Plaintiff filed a Cross-Motion for Summary Judgment on August 22, 2014. *Case No. 2:19-cv-02351, DE 12-4.* On September 4, 2014, the Chancery Division granted Wells Fargo's Motion for Summary Judgment, denied Plaintiff's Cross-Motion, and struck Plaintiff's answer and defenses with prejudice. *Case No. 2:19-cv-02351, DE 12-5.*

Thereafter, Final Judgment of Foreclosure was entered in Wells Fargo's favor on June 28, 2016. *Case No. 2:19-cv-02351, DE 12-8.* The New Jersey Appellate Division affirmed the Final Judgment of Foreclosure on November 1, 2018. *Case No. 2:19-cv-02351, DE 12-11.*

### **Plaintiff's First Collateral Attack and the District Court's Dismissal of Claims**

On January 30, 2019, Plaintiff filed his first collateral attack on the Foreclosure Action against Wells Fargo, under Case No. 2:19-cv-02351 (the "First Collateral Attack"). *Case No. 2:19-cv-02351, DE 1.* Plaintiff filed an Amended Complaint in the First Collateral Attack, asserting the following alleged causes of action against Wells Fargo:

1. Abuse of process;
2. New Jersey civil RICO and federal civil RICO ("RICO");
3. New Jersey Consumer Fraud Act ("CFA");
4. Fair Debt Collection Practices Act (FDCPA");
5. Fair Credit Reporting Act ("FCRA");
6. Continual acts of fraud;
7. Unjust enrichment;
8. Negligent misrepresentation;
9. Fraudulent concealment;

10.   Constructive fraud;
11.   Civil aiding and abetting;
12.   Willful and wanton gross negligence;
13.   Civil conspiracy to defraud;
14.   Unlawful conversion;
15.   Loss of consortium;
16.   Defamation;
17.   Real Estate Settlement Procedures Act ("RESPA");
18.   Quiet title; and
19.   Declaratory relief pursuant to N.J.S.A. § 12A:3-305.

*Case No. 2:19-cv-02351, DE 7 at 32-61.*

After a full briefing by the parties, the Court entered an Opinion and Order

dismissing all of Plaintiff's claims on September 23, 2022. *Case No. 2:19-cv-02351,*

*DE 39, 40.* Specifically, the Hon. Claire C. Cecchi, U.S.D.J. held that:

> "all except Count 16, Plaintiff's RESPA claim, are barred under
> the jurisdictional doctrine of *Rooker-Feldman*. To the extent
> Plaintiff's claims survive *Rooker-Feldman*, the Court further
> finds that all of Plaintiff's claims, including Count 16, are
> precluded pursuant to New Jersey's Entire Controversy
> Doctrine.

*Case No. 2:19-cv-02351, DE 39 at 4.* With respect to Wells Fargo's remaining

arguments for dismissal, Judge Cecchi further found that:

> [w]hile the Court notes that Plaintiff's pleadings contain
> numerous deficiencies, because it finds that dismissal is
> appropriate due to the absence of subject matter jurisdiction
> under *Rooker-Feldman* and by application of the Entire
> Controversy Doctrine, the Court need not reach Defendants'
> additional arguments.

*Case No. 2:19-cv-02351, DE 39 at 4, n. 2.*

Although the Court found that all of Plaintiff's claims were preclusively

barred, Judge Cecchi gave Plaintiff thirty days to file a second amended complaint. *Case No. 2:19-cv-02351, DE 40 at 2.* Plaintiff did not file a second amended complaint in the First Collateral Attack.

### Plaintiff Re-Files the Same Precluded Claims in the New Jersey Superior Court; Defendants Remove Plaintiff's Complaint to this Court

Rather than attempt to cure the deficiencies in the First Collateral Attack – because he cannot – in a blatant example of forum shopping, Plaintiff refiled a nearly identical Complaint with the New Jersey Superior Court, Essex County. *See DE 1-1.* It is transparent that Plaintiff chose to recycle his baseless claims in the state court to avoid having to face the consequences of his frivolous filing in this Court. On December 13, 2022, Defendants timely removed Plaintiff's Complaint to this Court, under Case No. 2:22-cv-07256 (the "Second Collateral Attack"). *DE 1.*

Apart from adding new parties, including Fannie Mae and Wells Fargo's legal counsel in the Foreclosure Action and First Collateral Attack, Plaintiff's Complaint in this Second Collateral Attack asserts nearly identical causes of action to the First Collateral Attack. Specifically, Plaintiff recycled most of the claims from the First Collateral Attack that this Court dismissed and added several more, as follows:

| CLAIM | First Collateral Attack | Second Collateral Attack |
|---|:---:|:---:|
| Abuse of process | ✓ | ✓ |
| New Jersey civil RICO and federal civil RICO | ✓ | ✓ |
| New Jersey Consumer Fraud Act | ✓ | ✓ |

| | | |
|---|:---:|:---:|
| Fair Debt Collection Practices Act | ✓ | ✓ |
| Fair Credit Reporting Act | ✓ | ✓ |
| Continual acts of fraud | ✓ | ✓ |
| Unjust enrichment | ✓ | ✓ |
| Negligent misrepresentation | ✓ | |
| Fraudulent concealment | ✓ | ✓ |
| Constructive fraud | ✓ | ✓ |
| Civil aiding and abetting | ✓ | ✓ |
| Willful and wanton gross negligence | ✓ | ✓ |
| Civil conspiracy to defraud | ✓ | ✓ |
| Unlawful conversion | ✓ | ✓ |
| Loss of consortium | ✓ | ✓ |
| Defamation | ✓ | ✓ |
| Real Estate Settlement Procedures Act | ✓ | ✓ |
| Quiet title | ✓ | ✓ |
| Declaratory relief pursuant to N.J.S.A. § 12A:3-305 | ✓ | ✓ |
| Breach of contract | | ✓ |
| Uniform Electronic Transactions Act | | ✓ |
| New Jersey Fair Foreclosure Act | | ✓ |

*Compare, DE 1-1 at 22-52 with Case No. 2:19-cv-02351, DE 7 at 32-61.*

Defendants now move to dismiss Plaintiff's Second Collateral Attack Complaint with prejudice.

## LEGAL ARGUMENTS

## I.     STANDARD OF REVIEW ON A MOTION TO DISMISS

### A.     This Court Lacks Subject Matter Jurisdiction

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under *Fed. R. Civ. P.* 12(b)(1) at any time. *New Jersey Protection & Advocacy, Inc. v. New Jersey Dept. of Educ.*, 563 F.Supp.2d 474, 479 (D.N.J. 2008)

(citations omitted). "For a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations of a plaintiff." *Cohen v. Kurtzman*, 45 F.Supp.2d 423 (D.N.J. 1999) (citations omitted). A court is not limited to the allegations contained in the Complaint, and may consider "[c]onflicting written and oral evidence . . . and a court may 'decide for itself the factual issues which determine jurisdiction.'" *Id. quoting Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981).

**B.    The Complaint Fails To State A Claim**

To survive a *Fed. R. Civ. P.* 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Complaint is rife with the "blanket assertions of entitlement to relief" that the *Twombly* standard guards against. Indeed, Plaintiff has done nothing to rectify the "numerous deficiencies" that plagued his Amended Complaint in the First Collateral Attack. Accordingly, for the reasons set forth at length below, Plaintiff's Complaint fails to satisfy Rules 12(b)(6) and 8(a) and must therefore be dismissed.

**II.    AS THIS COURT ALREADY FOUND IN THE FIRST COLLATERAL ATTACK, PLAINTIFF'S CLAIMS ARE BARRED BY THE ENTRY OF FINAL JUDGMENT IN THE FORECLOSURE ACTION**

Just like Plaintiff's First Collateral Attack, all of the causes of action contained in this Second Collateral Attack repeat and challenge the outcome of the Foreclosure Action, based on the frivolous assertion that the Note and Mortgage were forged.

In order to establish the *prima facie* right to foreclose, a plaintiff must prove the following: "(1) the mortgage and loan documents are valid; (2) the mortgage loan is in default; and (3) it has a contractual right to foreclose in light of the default." *Bank of Am., N.A. v. Westheimer*, No. 12-7080 (JAP), 2014 BL 55500, at *11 (D.N.J. Feb. 28, 2014) (*citing Great Falls Bank v. Pardo*, 263 N.J. Super. 388, 394 (Ch. Div. 1993), *aff'd*, 273 N.J. Super. 542, 545 (App. Div. 1994) ("The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises").

By entering Final Judgment and affirming it on appeal, the New Jersey state courts conclusively found that the Note and Mortgage are valid. The entry of Final Judgment therefore prevents Plaintiff from collaterally attacking the validity of the Note and Mortgage, as well as the Foreclosure Action, in what is now Plaintiff's *second* improper collateral action.

## A.    The *Rooker-Feldman* Doctrine Deprives This Court Of Subject Matter Jurisdiction

Plaintiff's claims remain barred by the application of the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* Doctrine stands for the proposition that federal courts lack subject matter jurisdiction to review and reverse judgments rendered by

state courts.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 46 U.S. 462 (1983); *see also* 28 U.S.C. § 1257 (conferring certiorari power solely upon the United States Supreme Court). In *Malhan v. Secretary United States Department of State*, 938 F.3d 453, (3d Cir. 2019), the Third Circuit clarified what constitutes a state court judgment.

*Malhan* arose out of a family law dispute pending before the New Jersey Superior Court.  *Malhan*, *supra*, 938 F.3d at 455.  The plaintiff filed suit in the District of New Jersey, in part, challenging interlocutory orders requiring him to pay child support.  *Id.* at 456.  The District Court dismissed the plaintiff's second amended complaint, finding that it lacked subject matter jurisdiction under the *Rooker-Feldman* Doctrine.  *Id.*  On Appeal, the Third Circuit affirmed in part and reversed in part after finding that the plaintiff was entitled to federal court review of some of his claims, as the State Court proceeding had not concluded.  *Id.*

In *Malhan*, the court explained that the *Rooker-Feldman* Doctrine is confined "'to cases of the kind from which [it] acquired its names: (1) cases brought by state-court losers; (2) complaining of injuries caused by state-court judgments; (3) rendered before the district court proceedings commenced; and (4) inviting district court review and rejection of those judgments.'"  *Id.*, *quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In determining when a judgment is final under the second element of the *Rooker-Feldman* Doctrine, the Third Circuit adopted the First Circuit's approach set forth in *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17 (1st Cir. 2005). Under that test, three situations produce a *Rooker-Feldman* final judgment. The first is when "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." *Malhan*, *supra*, 938 F.3d at 459, *quoting Federacion*, *supra*, 410 F.3d at 24. Under such circumstances, the Supreme Court has exclusive jurisdiction.

The second situation is when "'the state action has reached a point where neither party seeks further action.'" *Id.* "An example is when a lower state court 'issues a judgment and the losing party allows the time for appeal to expire.'" *Id.* In this instance, there is usually not "'an appealable final judgment or decree rendered by the highest court of a State in which a decision could be had under § 1257.'" *Id.* Under these circumstances, however, there has been a *Rooker-Feldman* judgment because the state proceeding has ended. *Id.* Lower courts will not review any proceedings that have ended when the Supreme Court itself lacks jurisdiction, such as when a party misses its state's independent and adequate appeal deadline. *Id.* at 461.

Lastly, the Third Circuit provided that there is a final judgment when a state court proceeding has "'finally resolved all the federal questions in the litigation,'

even though 'state law or purely factual questions (whether great or small) remain to be litigated.'" *Id.* at 459-460, *quoting Federacion*, *supra*, 410 F.3d at 25. Adopting this three pronged approach, the Third Circuit provided that *Rooker-Feldman* does not apply when state proceedings have neither ended nor led to an order reviewable by the United States Supreme Court.

Here, Plaintiff complains of a final judgement under the second category of cases established in *Malhan*.   The Foreclosure Action was filed by way of a complaint on February 8, 2012.  *See Case No. 2:19-cv-02351, DE 12-3*.  Final Judgment of Foreclosure was entered by the Chancery Division on June 28, 2016. *See Case No. 2:19-cv-02351, DE 12-8*.  Thereafter, the New Jersey Appellate Division affirmed the Final Judgment of Foreclosure on November 1, 2018.  *See Case No. 2:19-cv-02351, DE 12-11*.  Under *Rule* 2:12-3(a), Plaintiff had twenty (20) days from the date of the Appellate Division's affirmance to file a notice of petition for certification to the New Jersey Supreme Court.  Plaintiff did not seek review from the New Jersey Supreme Court and these state court rulings are now binding.

Thus, Plaintiff's Complaint falls squarely within the second category of cases which constitute a final judgment for purposes of the application of the *Rooker-Feldman* Doctrine established by the *Malhan* Court.  This is a case where "'the state action has reached a point where neither party seeks further action[,]'" because the New Jersey Appellate Division "issue[d] a judgment and the losing party allow[ed]

the time for appeal to expire." *Malhan*, *supra*, 938 F.3d at 459, *quoting Federacion*, 410 F.3d at 24.  There is no appealable "final judgment" rendered by the New Jersey Supreme Court in this matter, however, "under these circumstances there is a *Rooker-Feldman* 'judgment' because the state proceeding has 'ended.'" *Id.*

For the same reasons this Court already dismissed Plaintiff's Amended Complaint in the First Collateral Attack, Plaintiff's claims here must be dismissed under the *Rooker-Feldman* Doctrine, as this Court lacks subject matter jurisdiction.

**B.    Plaintiff's Complaint Is Barred By The Entire Controversy Doctrine**

As this Court already found in the First Collateral Attack, "all [of Plaintiff's] claims … are precluded under New Jersey's Entire Controversy Doctrine."  *Case No. 2:19-cv-02351, DE 39 at 8.*  Plaintiff has done nothing to overcome this fact, which is independently fatal to this action.  All of Plaintiff's claims involve actions that occurred before or while the Foreclosure Action was pending, and specifically challenge the validity of the Note and Mortgage due to alleged "forgeries" and lack of standing.  These alleged issues are barred by the Entire Controversy Doctrine.

The Entire Controversy Doctrine, codified as New Jersey Court Rule 4:30(a), mandates that Plaintiff's claims regarding the Note and Mortgage, as well as the right to foreclose, were required to be adjudicated in the Foreclosure Action.  *Napoli v. HSBC Mortg. Servs., Inc.*, No. 12-CV-222, 2012 U.S. Dist. LEXIS 121204 (D.N.J. Aug. 27. 2012) (upholding Entire Controversy Doctrine, and holding that borrowers

must raise foreclosure claims in chancery action).  The Entire Controversy Doctrine extends to claims that are germane to the Foreclosure Action.  *See In re Mullarkey*, 536 F.3d 215, 299 (3d Cir. 2008).  Germane claims are defined as those claims "arising out of the mortgage transaction which is the subject of the foreclosure action." *Leisure Tech. v. Klingbeil Holdings Co.*, 349 A.2d 96, 97 (App. Div. 1975).

The Entire Controversy Doctrine requires the joinder in one action of all claims and all parties related to a single underlying transaction.  *See Manhattan Woods Golf Club, Inc. v. Arai*, 312 N.J. Super. 573, 577 (App. Div. 1998) (citations omitted); *Riemer v. St. Clare's Riverside Med. Ctr.*, 300 N.J. Super. 101 (App. Div.), *certif. denied*, 125 N.J. 188 (1997).  The threefold objectives behind the Entire Controversy Doctrine are to: (1) encourage comprehensive and conclusive determination of a legal controversy; (2) achieve party fairness, including for both parties before the court, as well as prospective parties; and (3) promote judicial economy and efficiency by avoiding fragmented, multiple, and duplicative litigation. *Riemer*, *supra*, 300 N.J. Super. at 108-109.

The District of New Jersey reviewed similar issues in *Puche v. Wells Fargo Bank, N.A.*, Civ. No. 16-05195 (D.N.J. June 22, 2017).   In that matter, like here, plaintiff brought various claims related to events that occurred while a foreclosure action was pending, including allegations related to a loan modification review and RESPA.  In response to a motion to dismiss filed by defendant, the district court

- 14 -

found that the claims asserted by the plaintiffs therein related directly to the mortgage at issue in the foreclosure action, including RESPA claims, and were germane to the foreclosure action and should have been handled by the state court. *Id.* Consequently, the district court determined that Plaintiff's claims were barred by the Entire Controversy Doctrine. *Id.*

As in *Puche*, the Entire Controversy Doctrine bars Plaintiff's claims here. Plaintiff, in his Cross-Motion for Summary Judgment, argued on multiple instances that the Note relied upon by Wells Fargo in its Motion for Summary Judgment was forged, and not the Note that he signed. *Case No. 2:19-cv-02351, DE 12-4, Opp'n to Statement of Undisputed Material Facts, ¶ 1.* Further, in Plaintiff's Motion to Vacate the award of Summary Judgment, he again argued that Wells Fargo relied on "inconsistent notes" and that Wells Fargo lacked standing to foreclose. *Case No. 2:19-cv-02351, DE 12-6, Legal Argument, Point I (page numbers were omitted*).

Again, in Plaintiff's appellate brief, he argued that Wells Fargo lacked standing to foreclose because it was not in possession of the Note at the time, and improperly sold the Note to a third party. *Case No. 2:19-cv-02351, DE 12-9 at 1.* Plaintiff's Complaint makes the same exact allegations here. *DE 1-1, Introduction at 2-3.* Indeed, Plaintiff made these same exact claims in his Amended Complaint in the First Collateral attack, which this Court found to be improper and barred. *Case No. 2:19-cv-02351, DE 7, Nature of Action at 1-2*.

Plaintiff's appellate brief before the New Jersey Appellate Division further alleged that, in filing the Foreclosure Action when it was allegedly not in possession of the Note, there were unidentified securities violations. *Case No. 2:19-cv-02351, DE 12-9 at 1*. Plaintiff's appellate brief also argued that Wells Fargo submitted a forged Note to the Superior Court. *Case No. 2:19-cv-02351, DE 12-9 at 2*. Plaintiff asserts the same redundant allegations in his First and Second Collateral Attacks. *DE 1-1 at 22-52; Case No. 2:19-cv-02351, DE 7 DE 7 at 32-61*. The allegation that the Note and Mortgage, which served as the basis for the Foreclosure Action, were forged is a central theme for Plaintiff. *See generally, DE 1-1; Case No. 2:19-cv-02351, DE 7*.

Based on the foregoing, there can be no dispute that this action raises the exact same arguments Plaintiff made in state court and before this Court in Plaintiff's First Collateral Attack. All of these arguments rely solely upon a challenge to the propriety of the Foreclosure Action and Defendants' conduct in same. These arguments have already been argued and conclusively rejected by various New Jersey state courts, as well as this Court. *Case No. 2:19-cv-02351, DE 12-8, 39, 40*. As a result, these recycled claims remain barred by the Entire Controversy Doctrine.

### C.   Plaintiff's Claims Are Barred By *Res Judicata* And Collateral Estoppel

Plaintiff's Complaint is also barred by *res judicata* and collateral estoppel because his claims were all brought and ruled upon multiple times over. "The term

'*res judicata*' refers broadly to the common-law doctrine barring re-litigation of claims or issues that have already been adjudicated." *Velasquez v. Franz*, 123 N.J. 498, 505 (1991). *Res judicata* applies "not only to matters *actually* determined in an earlier action, but to all relevant matters that *could have been so determined*." *Watkins*, 124 N.J. at 412-413 (citations omitted) (emphasis added). Federal courts must apply *res judicata*, and "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. Of Ed.*, 465 U.S. 75, 81 (1984).

Similarly, "collateral estoppel" is a preclusive doctrine that bars litigation of facts fully litigated and actually determined in a prior action involving a different claim or cause of action. *See Tarus v. Pine Hill*, 189 N.J. 497, 520 (2007) ("Collateral estoppel, in particular, represents the "branch of the broader law of *res judicata* which bars re-litigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action."") (*quoting Sacharow v. Sacharow*, 177 N.J. 62, 76 (2003))). If an issue of ultimate fact has once been determined by a valid judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *See State v. Redinger*, 64 N.J. 41, 45 (1973). "To foreclose re-litigation of an issue based on collateral estoppel, the party asserting the bar must show that (1) the issue to be

precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Twp. Of Middletown v. Simon*, 193 N.J. 228, 236 (2008).

In the instant matter, the propriety of the Foreclosure Action, including the validity of the loan, were already addressed by the state trial and appellate courts. Plaintiff unsuccessfully raised these claims and they were found meritless. These issues have already been conclusively resolved and should not be re-adjudicated.

## III.   PLAINTIFF'S CLAIMS ARE BARRED BY NEW JERSEY'S LITIGATION PRIVILEGE

Putting aside their complete lack of merit and the above preclusive doctrines, all of Plaintiff's claims are based on purported actions taken by Defendants in the state court proceedings. New Jersey's litigation privilege bars these claims.

The litigation privilege has deep roots in the common law of New Jersey. *Rickenbach v. Wells Fargo Bank, N.A., et al.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009). As stated by the New Jersey Supreme Court, a statement that falls within the scope of this doctrine "is absolutely privileged and wholly immune from liability." *Loigman v. Twp. Comm. of Twp. of Middletown*, 185 N.J. 566 (2006). The privilege allows for the full and open expression critical to advancing a party's interest in the

underlying proceeding and achieving the proper result.  *Peterson v. Ballard*, 292 N.J. Super. 575, 581 (App. Div. 1996).  In order to promote these important purposes, the litigation privilege protects "good and bad alike."  *Hawkins v. Harris,* 141 N.J. 207, 213 (1995).

The scope of the privilege is extremely broad.  It protects "all statements or communications in connection with [a] judicial proceeding."  *Hawkins v. Harris*, 141 N.J. 207, 216 (1995).  Pursuant to the litigation privilege, New Jersey Courts will protect any communication or statement: (1) made in a Judicial or Quasi-Judicial proceeding; (2) by the litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.  *Id*.

Because all of Plaintiff's claims are premised upon alleged issues in the Foreclosure Action, his claims are barred and should be dismissed.

## IV.   PLAINTIFF FAILS TO STATE A VIABLE CLAIM FOR RELIEF AGAINST DEFENDANTS

Even if Plaintiff's claims are not barred, the Complaint fails to state a single cause of action for which relief can be granted, and must be dismissed.

### A.   Plaintiff's Complaint is Devoid of Any Specific Claim Against Fannie Mae or Reed Smith

As a threshold issue, Plaintiff's Complaint is deficiently pled because the alleged causes of action are not specifically alleged against any party.  Rather,

Plaintiff relies solely on generalized claims against "Defendants" without any specification or distinction. *DE 1-1 at 22-52.* This deprives the Court, as well as the parties, from identifying what claims are being alleged against each party. Moreover, although Plaintiff identifies Fannie Mae (as the alleged investor of the Mortgage) and Reed Smith (as Wells Fargo's legal counsel in the Foreclosure Action), conspicuously missing from the Complaint is *any* specific allegation or claim against either Fannie Mae or Reed Smith. *See generally, DE 1-1.* This alone renders the Complaint deficiently pled against these parties. This omission further demonstrates that Plaintiff only identified Fannie Mae and Reed Smith in this matter to harass and raise litigation costs. This is improper.

For these reasons, the Court should find that the Complaint is deficiently pled, particularly with respect to Fannie Mae and Reed Smith, and dismiss the Complaint.

## B. <u>The Complaint's Abuse of Process Count Fails</u>

Count One of the Complaint must be dismissed for failure to state a claim for abuse of process under New Jersey law. Plaintiff claims that Defendants are liable for abuse of process because Wells Fargo was the third-party servicer to the Mortgage, and failed to disclose the true party in interest. *DE 1-1 at 22-23.* The Complaint further alleges that Defendants did not disclose the real party in interest to conceal the fact that the Mortgage was not assigned after the associated note was negotiated by Wells Fargo with a party on behalf of a REMIC in contravention of

Wells Fargo's Pooling and Servicing Agreement ("PSA") with Fannie Mae.  *Id.*
These allegations fail to state a cause of action.

First, to the extent that the Complaint attempts to allege that Wells Fargo is
liable to Plaintiff for its alleged failure to abide by the terms of its PSA, Plaintiff
lacks standing to raise this issue.  The Third Circuit's holding in *Gilarmo v. U.S.
Bank N.A.*, 643 Fed.Appx. 97 (3d Cir. 2016) to the contrary is dispositive.  In
*Gilarmo* the Third Circuit adopted the view of the majority of the courts in the
country that a plaintiff has not stating to bring claims under the PSA.  *Id.*  As a result,
Plaintiff does not have standing to challenge Wells Fargo's alleged actions under the
PSA.

Additionally, in order to state a cause of action for malicious abuse of process
under New Jersey law, Plaintiff must allege that the prior action was: (1) brought
without probable cause; (2) actuated by malice; (3) terminated in his favor; and (4)
that he suffered a special grievance.  *Tedards v. Auty*, 232 N.J. Super. 541, 549
(1989).  A special grievance is said to interfere with one's liberty or property.
*Penwag Prop. Co., Inc. v. Landau*, 148 N.J. Super. 493, 498 (App. Div. 1977).  To
allege an abuse of process claim, the offending party must have "demonstrably used
process after its issuance solely to coerce or injury his adversary."  *SBK Catalogue
P'Ship v. Orion Pictures Corp.*, 723 F. Supp. 1053, 1066 (D.N.J. 1989).

Plaintiff cannot maintain a claim for malicious abuse of process.  To assert a sustainable claim, the original suit must have been resolved in favor of Plaintiff.  The Superior Court of New Jersey has ruled against Plaintiff at every turn; first in the Chancery Division, then in the Appellate Division.

In addition, "[b]asic to the tort of malicious abuse of process is the requirement that the defendant perform 'further acts' after issuance of process 'which represent the perversion or abuse of the legitimate purpose of that process.'" *Baglini v. Lauletta*, 338 N.J. Super. 282, 293 (App. Div. 2001) (*quoting Penwag Prop. Co., Inc., supra*, 148 N.J. Super. at 499).  The Complaint utterly fails to provide facts that Defendants performed any acts after the filing of the Foreclosure Action that represents the perversion or abuse of the legitimate purpose of that process.  Count One of the Complaint should therefore be dismissed.

## C.   Plaintiff's RICO Conspiracy Claim Is Legally Deficient

In Count Two, Plaintiff summarily alleges that Defendants unlawfully violated RICO.  Plaintiff merely parrots some of the elements of a RICO claim without alleging any supporting facts that could possibly be the basis for a viable claim.

The Federal and New Jersey RICO statutes prohibit persons from conducting enterprises through the use of "racketeering activity" or "the "collection of unlawful debt."  18 U.S.C. § 1962(c); N.J.S.A. § 2C:41-2.a.  In order to "plead a civil RICO

claim under 18 U.S.C. § 1962(c), [a plaintiff] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *District 1199P Health and Welfare Plan v. Janssen, L.P.*, 784 F.Supp. 2d 508 (D.N.J. 2011), 518-19 (*citing Sedima v. Imrex Co.*, 473 U.S. 479, 482–83 (1985)).

RICO defines a "'pattern of racketeering activity' to include engaging in 'at least two' predicate acts in a 10–year period." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 479 (1991) (quoting 18 U.S.C. § 1961(5)).  In this case, Plaintiff has not alleged any conduct or predicate actions that constitute a violation under RICO.

In addition to failing to set forth any predicate actions, Plaintiff also fails to adequately plead the particular "racketeering activity" in which Defendants allegedly engaged.  Under the RICO statute, "racketeering activity" has a precise definition, which includes "other crimes, ranging from criminal copyright activities, the facilitation of gambling, and mail fraud to arson, kidnaping, and murder." *Anza*, 547 U.S. at 479 (citing 18 U.S.C. § 1961(1)).  Plaintiff has not specified which crime in 18 U.S.C. § 1961(1) gives rise to the RICO claim.  While Plaintiff's Complaint provides a litany of conclusory grievances regarding his loan, none of these constitutes a predicate racketeering act.  *See* 18 U.S.C. § 1961(1) (defining "racketeering activity" as certain specific criminal activities); N.J.S.A. § 2C:41-1.a (same).  *See also Huertas v. Galaxy Asset Management LLC*, 641 F.3d 28 (3rd Cir. 2011); 18 U.S.C. § 1961(6); N.J. Stat. Ann. § 2C:41-1.e (explicitly defining

"unlawful debt" for RICO predicate act purposes as debt incurred in connection with gambling activity or which is usurious).[4]   On this basis alone, the Court should dismiss Plaintiff's RICO claim.  *See Acampora v. Boise Cascade Corporation*, 653 F. Supp. 66, 68 (D.N.J. 1986).

### D.   Plaintiff's Allegations under the CFA Fail

Plaintiff's claims for violations of the CFA are barred by the statute of limitations, and also fail to state a cause of action, and must be dismissed.

### i.   Plaintiff's CFA claim is time-barred.

Claims under the CFA are governed by a six-year statute of limitations. N.J.S.A. § 2A:14-1; *DiIorio v. Structural Stone & Brick Co.*, 368 N.J. Super. 134 (App. Div. 2004).  Although Plaintiff did not provide any facts to support his claim, it appears that he is alleging that Wells Fargo forged his signature on the Note and Mortgage dated November 30, 2007.  *Case No. 2:19-cv-02351, DE 12-3*.  As a result, the instant cause of action, regardless of lack of merit, were required to be brought

---

[4] To the extent that Plaintiff bases his RICO claim on any fraudulent conduct, this claim would fail, as detailed *infra*, under the heightened pleading standard of Rule 9(b).  *Warden v. McLelland*, 288 F.3d 105, 114 (3rd Cir. 2002).  Plaintiff's RICO claim only mentions entering into a loan modification and a foreclosure being filed (based on a loan, which is not disputed).  As detailed below, none of this constitutes fraudulent conduct, and is certainly not pled with the specificity required for fraud claims.  *In re Advanta Corp. Sec. Litig.*, 180 F.3d at 534 (3d. Cir. 1999); *Naporano Iron & Metal*, 79 F. Supp. 2d at 511 (D.N.J. 2000).

on or before November 30, 2013.  As a result, Count Three must be dismissed with prejudice.

### ii. Plaintiff has not pled the elements necessary to maintain a CFA claim.

Under New Jersey law, in order to state a valid claim for a violation under the CFA, a plaintiff must establish: "(1) unlawful conduct by defendant; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Dabush v. Mercedes-Benz USA, LLC*, 378 N.J. Super. 105, 114 (App. Div. 2005).

The Complaint does not contain any of the required elements for a CFA claim. Plaintiff does not delineate any allegedly unlawful conduct by Defendants, but merely parrots the statutory definitions and makes unsupported, generalized claims that Defendants "misled" him. *DE 1-1*, ¶ 73.  Plaintiff also fails to articulate an ascertainable loss, and as a result, lacks standing to assert a CFA claim.  To have the requisite standing, Plaintiff must allege that he "suffer[ed] a definite, certain and measurable loss, rather than one that is merely theoretical." *Weinberg v. Sprint Corp.*, 173 N.J. 233 (2002).  "'[A]scertainable loss' within the meaning of the CFA means one that 'is quantifiable or measurable' and that '[a]n estimate of damages, calculated within a reasonable degree of certainty will suffice to demonstrate an ascertainable loss.'" *Real v. Radir Wheels, Inc.*, 198 N.J. 511, 518 n. 4 (2009) (*quoting Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 22 (1994)).

The Complaint is woefully deficient as Plaintiff fails to plead any of the elements of a viable CFA claim.

### E.   Plaintiff's FDCPA Claim Has No Merit

In Count Four, Plaintiff asserts a conclusory claim for the alleged violation under the FDCPA.  This claim fails for a multitude of reasons.

#### i.   Plaintiff's FDCPA claim is barred by the statute of limitations.

Count Four of the Complaint is barred as a matter of law under the plain terms of the FDCPA.  A claim under the FDCPA "may be brought…within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d); *Glover v. F.D.I.C.*, 698 F.3d 139, 145-149 (3d Cir. 2012).  Wells Fargo obtained final judgment of foreclosure on June 28, 2016.  *Case No. 2:19-cv-02351, DE 12-8*.  The Complaint does not state when the behavior, which allegedly violated the FDCPA, occurred. To the extent Plaintiff alleges that Defendants violated the FDCPA subsequent to Plaintiff's default and leading up to the final judgment of foreclosure, Plaintiff's claim has long since been barred by the one (1) year statute of limitation under the FDCPA.  As a result, the Complaint must be dismissed with prejudice.

#### ii.   The FDCPA does not apply.

As a matter of law, Wells Fargo is not subject to the FDCPA because it does not fall under the statutory definition of "debt collector," either as (1) an entity whose principal purpose is debt collection of any debts; or (2) an entity who regularly

collects debts owed to others.  Accordingly, Plaintiff's FDCPA claim, to the extent that the Court finds that it is not barred by the statute of limitations, must be dismissed with prejudice.

"Creditors—as opposed to 'debt collectors'–generally are not subject to the [FDPCA]."  *Tepper v. Amos Financial, LLC*, 898 F.3d 364, 366 (3d Cir. 2018).  As set forth by the Supreme Court in *Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79, ___ (2017), a company may collect a debt that it purchased for its own account without triggering the statutory definition of "debt collector" under the FDCPA.  As established by the entry of Final Judgment on June 28, 2016, Wells Fargo cannot be liable under the FDCPA because it was collecting its own debt.

Further, *Tepper, supra*, established that the controlling inquiry for the definition of "debt collector" is the "principal purpose test," which is applied to the first category of debt collectors.  *Id.* at 370-371.  In short, *Tepper* holds that an entity can be both a "creditor" and "debt collector" at the same time if its principal purpose is collecting debts it has purchased.  *Id.* at 371.  Wells Fargo's principal purpose is not collecting debts.  Plaintiff makes no claims, let alone plausible ones, that Wells Fargo's principal business is to collect debts.

Furthermore, even assuming Wells Fargo is subject to the provisions of the FDCPA, which it is not, Plaintiff still fails to assert a valid FDCPA claim against Wells Fargo or any other defendant.  The FDCPA prohibits the use of harassing,

- 27 -

oppressive, and abusive techniques; the use of false, deceptive, or misleading representations; and/or unfair or unconscionable means; to collect or attempt to collect a debt. *See* 15 U.S.C. § 1692(d), (e) and (f).

Plaintiff does not allege how any Defendant allegedly violated the FDCPA. Plaintiff has not identified any communication from Defendants to Plaintiff that would trigger application of the FDCPA. The existence of a "communication" is a necessary and required element of a FDCPA claim. 15 U.S.C. § 1692a(2), 15 U.S.C. § 1692(c). Plaintiff has not alleged that he was the subject of collection activity arising from a consumer debt; that Wells Fargo is a debt collector as defined by the FDCPA; or that Defendants participated in an act or omission prohibited by the FDCPA. Thus, Plaintiff's Complaint fails to state a claim under the FDCPA.

## F.   **The Complaint Fails to State a Claim under the FCRA**

Count Five of the Complaint is wholly insufficient in alleging a cause of action under the FCRA. Plaintiff does nothing more than recite portions of the statute. As a threshold issue, Plaintiff asserts his FCRA against all defendants, yet is unclear how Reed Smith or Fannie Mae fall under the FCRA, as these parties do not and have not furnished credit information regarding Plaintiff. To the extent the FCRA is alleged against Wells Fargo, there is no private right of action for alleged violations of 15 U.S.C. § 1681s-2(a). Moreover, Plaintiff fails to meet his burden under 15 U.S.C. § 1681s-2(b).

### i. There is no private right of action for consumers directly against data furnishers.

Wells Fargo cannot be liable for furnishing data, as a matter of law.  The FCRA, 15 U.S.C. § 1681s-2(a), requires that entities which furnish data to consumer reporting agencies provide accurate information, but there is no private right of action for consumers to enforce this duty directly against the furnishers of such information.  *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3rd Cir. 2011) (finding that plaintiff "cannot base his claim on 15 U.S.C. § 1681s–2(a)(1)(A), because no private right of action exists under that provision").

To the extent Plaintiff alleges that Wells Fargo is liable under the FCRA for merely furnishing information, this claim must be dismissed.

### ii. Plaintiff does not allege that he notified the credit bureaus of the alleged controversy.

The Complaint also fails to state a claim under the FCRA because Plaintiff has failed to establish that he complied with the prerequisites to suit under the FCRA. "District Courts in the Third Circuit have held that consumers have a private right of action under Section 1681s–2(b) to enforce the furnisher's duty to investigate," but only by first initiating an inquiry with a consumer reporting agency.  *Henderson v. Equable Ascent Fin., LLC*, 2011 WL 5429631, at *3 (D.N.J. Nov. 4 2011) (emphasis added).  As a result, in order to maintain a cause of action against a furnisher of information under Section 1681s–2(b), a consumer "must plead that

[he]:  (1) *sent notice of disputed information to a consumer reporting agency*, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Id.* (emphasis added, quoting *Martinez v. Granite State Mgmt. and Res.*, 2008 WL 5046792 (D.N.J. Nov. 20, 2008)).

Plaintiff does not allege that he complied with the prerequisite of first sending notice of disputed information to a consumer reporting agency.  The Complaint fails to allege that Plaintiff ever notified any consumer reporting agency of the alleged dispute, let alone establishing that the agencies subsequently notified Wells Fargo of the dispute and that Wells Fargo failed to reasonably investigate.  Therefore, the Complaint's FCRA Count must be dismissed.

## G.    Plaintiff Fails To State A Claim For Common Law Fraud

In the Sixth, Eighth, Ninth, and Eleventh Counts, Plaintiff asserts a laundry list of vague allegations involving events that occurred during the Foreclosure Action, including claims related to negligent and false representations, civil aiding and abetting fraud and civil conspiracy to defraud.  Plaintiff provides no dates or specificity for any of the fraud allegations.  Plaintiff does not plead these purported fraud claims with the specificity required for standard causes of action, never mind with the heightened specificity required for fraud claims.

To succeed on a fraud claim in New Jersey a plaintiff must allege: (i) a material misrepresentation of a presently existing or past fact; (ii) a knowledge or belief by the defendant of its falsity; (iii) an intention that the plaintiff rely on it; (iv) reasonable reliance by the plaintiff; and (v) resulting damages. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). Notably, misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them. *Id.*; *see also Bonnco Petrol, Inc. v. Epstein*, 115 N.J. 599, 609-610 (1989). *Fed. R. Civ. P.* 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Therefore, the basic tenets of fraud pleading requires Plaintiff to state the "who," "what," "when," and "where" details of the alleged fraud. *See Saporito v. Combustion Eng'g Inc.*, 843 F.2d 666, 675 (3d Cir. 1988), vacated on other grounds, 489 U.S. 1049 (1989).

Plaintiff has not pled any of the elements necessary to maintain a fraud claim and these causes of action should be dismissed.

### H.   Plaintiff's Claim For Unjust Enrichment Is Not Sustainable

Count Seven of the Complaint alleges that Defendants have been unjustly enriched at the expense of Plaintiff because Wells Fargo foreclosed on the Property. *DE 1-1*, ¶¶ 104-106. In New Jersey, an unjust enrichment claim requires a plaintiff to allege that (1) at plaintiff's expense; (2) defendant received a benefit; (3) under

circumstances that would make it unjust for defendant to retain the benefit without paying for it. *In re K-Dur Antitrust Litig.*, 338 F.Supp.2d 517, 544 (D.N.J. 2004).

As a threshold issue, Plaintiff's unjust enrichment claim sounds in quasi-contract and is therefore time-barred by the six (6) year statute of limitations enunciated in N.J.S.A. § 2A:14-1. Additionally, the claim is enjoined under the economic loss doctrine because the relationship between Plaintiff and Wells Fargo was governed by the mortgage documents. *See Barret Fin. of N. Jersey, LLC v. Creative Fin. Grp. of N.J.*, No. 13-5621, 2018 BL 262565, at *7-8 (D.N.J. July 24, 2018) (dismissing unjust enrichment claim under the economic loss doctrine).

Beyond the aforementioned, each of which is independently fatal, there was nothing improper about the Foreclosure Action. Indeed, just the opposite. *Case No. 2:19-cv-02351, DE 12-8, 10.* There is also no evidence that Defendants have been unjustly enriched by foreclosing on a loan that has been in default for years. Defendants have not been unjustly enriched by the Foreclosure Action and Plaintiff's unjust enrichment claim should be dismissed.

## I.    <u>Plaintiff's Negligence Claim Is Unsustainable</u>

In the Tenth Count, Plaintiff claims Defendants were negligent with respect to the Foreclosure Action. Plaintiff fails to state a claim for negligence.

To state a claim for negligence, a party must allege that: (1) the defendant owed some duty to the plaintiff; (2) the defendant breached that duty; and (3) the

- 32 -

plaintiff was damaged as a result of plaintiff's breach of that duty. *Kelly v. Gwinnell*, 96 N.J. 538, 544 (1984). It is well-settled that any negligence-based claim must be premised upon a breach of duty and a departure from the standard of care owed to another. *See Kernan v. One Wash. Park Urban Renewal Assocs.*, 154 N.J. 437, 445 (1998) ("[t]o recover under a negligence theory, it is paramount that Defendant first owe the plaintiff a duty."); *Globe Motor Car Co. v. First Fid. Bank, N.A.*, 273 N.J. Super. 388, 393 (Law. Div. 1993), *aff'd*, 291 N.J. Super. 428 (App. Div.), *cert. denied*, 147 N.J. 263 (1996) ("[g]enerally, to establish a negligence claim there must be a finding that the defendant owed some duty to the party complaining and a breach of that duty.").

Plaintiff does not allege – because he cannot – any legal duty between himself and Defendants. This is fatal to his claim. Indeed, with respect to Wells Fargo it is well settled in New Jersey that a lender does not owe a legal duty to a borrower, even if the borrower is a consumer. *Paradise Hotel Corp.*, 842 F.2d 47, 53 (3d Cir. 1988). Both the lack of any alleged negligent acts by Defendants and the lack of any duty owed to Plaintiff dooms the Complaint's negligence claim.

### J.     Plaintiff's Conversion Claim Fails As A Matter Of Law

Conversion is defined as "the exercise of any act of dominion in denial of another's title to the chattels, or inconsistent with such title." *Mueller v. Technical Devices Corp.*, 8 N.J. 201, 207 (1951). When broken down to its bare elements, an

action for conversion will only lie where: (1) property or the right to immediate possession of the property belongs to the plaintiff; and (2) the defendant wrongfully interferes with that right. *See Video Pipeline, Inc. v. Buena Vista Home Enter., Inc.*, 275 F. Supp. 2d 543, 576 (D.N.J. 2003).

Plaintiff's claim for conversion fails because Plaintiff has not and cannot allege any of his property was improperly taken. If Plaintiff is trying to allege the foreclosure on the Property was improper, that claim is belied by the prior court rulings. Plaintiff's conversion claim therefore fails.

### K.   Plaintiff Cannot Maintain a Loss of Consortium Claim

In the Thirteenth Count, Plaintiff claims that he has suffered loss of affection and consortium with his child because of Defendants' alleged "theft" of the Property. First, this claim fails because this lawsuit does not involve personal injuries. Under New Jersey law, "[a] *per quod* claim is only maintainable by reason of a spouse's personal injury. It depends upon and is incidental to the personal injury action." *Tichenor v. Santillo*, 218 N.J. Super. 165, 173 (App. Div. 1987). In addition, New Jersey does not recognize a cause of action for the loss of consortium of a child. *See Tynan v. Curzi*, 322 N.J. Super. 267, 269 (App. Div. 2000); *J.V. ex rel. Valdez v. Macy's, Inc.*, 2014 WL 4896423, *4 (D.N.J. Sept. 30, 2014). As a result, Count Thirteen must be dismissed with prejudice.

### L.   Plaintiff's Claim for Defamation Fails

In Count Fourteen, Plaintiff asserts that Defendants are liable for defamation in connection with the Foreclosure Action.  This claim is baseless because under New Jersey's litigation privilege a defamation claim cannot be based on a court filing.  Moreover, Plaintiff has not and cannot allege anything improper was published by any of the Defendants.  This claim should be dismissed with prejudice.

**M.**     **Plaintiff Has No Claim Under the Real Estate Settlement Procedures Act**

In the Seventeenth Count, Plaintiff claims that Defendants violated RESPA by allegedly failing to timely review Plaintiff for a loan modification.  This cause of action fails because there is no right to multiple loan modification reviews under RESPA.  First, the Complaint fails to even allege that Plaintiff submitted a loan modification application to Wells Fargo.  Further, this Count is completely baseless as Wells Fargo offered Plaintiff numerous loan modifications, including as recently as January 2019, which Plaintiff rejected.  *Case No. 2:19-cv-02351, DE 12-12.*  As a result, this Count is egregiously frivolous and must be dismissed.

**i.**     **Plaintiff is not entitled to multiple loss mitigation reviews.**

Plaintiff alleges that Wells Fargo failed to properly review Plaintiff's loan modification submissions, failed to provide a valid response to Plaintiff's loan modification submissions, and failed to make a final decision on Plaintiff's loan modification submissions. *DE 1-1*, ¶¶ 136-141.  Despite these claims, the Complaint intentionally does not contain a single allegation as to when these alleged

submissions were made.  This omission is significant because it is well established that a servicer is only required to comply with the requirements of § 1024.41 for a single complete loss mitigation application for a borrower's loan account.  *See* 12 C.F.R. § 1024.41(i) (providing that, "[a] servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application.").

The Complaint does not contain an allegation that Plaintiff even submitted a complete loan modification application.  Moreover, Plaintiff was offered a Trial Period Plan for a loan modification as early as 2010 and 2012.  Wells Fargo therefore had no obligation under RESPA to review him again.  Despite the lack of an obligation, the record establishes that Wells Fargo reviewed Plaintiff for multiple loan modifications, and offered Plaintiff a Trial Period Plan in January 2019, which the Plaintiff rejected.  *Case No. 2:19-cv-02351, DE 12-12*.

### ii.   Plaintiff has not identified any damages from a purported RESPA violation.

Plaintiff also fails to allege any actual damages.  To state a claim under § 2605 of RESPA, breach alone is not enough – Plaintiff must, at minimum, also allege that the breach resulted in actual damages.  *Hutchinson v. Delaware Sav. Bank, FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006).  Moreover, Plaintiff must allege a causal link

between the purported specific damages at issue and the alleged RESPA violation. *Hawk v. Carrington Mortg. Servs., LLC*, NO. 3:14-1044, 2016 BL 203621, at *4 (M.D. Pa. June 23, 2016) (*citing McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010)).  Plaintiff has not pled anything resembling actual damages and this claim should be dismissed.

### N.  <u>Plaintiff's Quiet Title And Declaratory Judgment Claims Fail</u>

Plaintiff's Sixteenth and Seventeenth Counts appear to seek relief in the nature of quiet title and for declaratory judgment.  Despite the findings in the Foreclosure Actions, Plaintiff requests that this Court invalidate all the liens on the Property. N.J.S.A. 2A:62-1 governs actions to quiet title and provides:

> Anyone in the peaceable possession of lands in this state and claiming ownership thereof, may, when…any other person claims…to hold a lien or encumbrance thereon, and **when no action is pending to enforce… [such] encumbrance**, maintain an action in the superior court to settle the title to such lands and to clear up all doubts and disputes concerning the same.

N.J.S.A. 2A:62-1 (emphasis added).

It is unquestionable that the Foreclosure Action was brought to enforce the mortgage lien on the Property.  As such, the Foreclosure Action, coupled with the statutory language work to bar Plaintiff from bringing this claim.  Plaintiff also fails to allege how he has "suffered" from receiving the benefit of a loan that he subsequently refused to pay back.  Plaintiff's claims for quiet title and declaratory judgment should be dismissed with prejudice.

### O.    Plaintiff's Fails to State a Claim for Breach of Contract

In Count Eleven, Plaintiff alleges that Defendants breached the Mortgage. This claim is meritless.  "To plead a cause of action sounding in breach of contract, a plaintiff must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Cotter v. Newark Housing Auth.*, No. 09–2347, 2010 WL 1049930, at *4 (D.N.J. Mar. 17, 2010) (citing cases);

In support of his claim, Plaintiff asserts a single, conclusory claim that "Wells Fargo … separated the Note from mortgage which subjected Owner to at least two potential creditors." *DE 1-1, ¶ 151*.  Again, Plaintiff attempts to recycle his stale, frivolous arguments from the prior actions.  However, even a cursory review of the New Jersey state court decisions reveals this claim to be frivolous.  *Case No. 2:19-cv-02351, DE 12-8, 10.*  In reality, the only party to have breached the Mortgage is Plaintiff.  *Id.*  As such, Plaintiff cannot allege that a breach occurred and his claim fails and must be dismissed.

### P.    Plaintiff's Uniform Electronic Transactions Act Claim Fails

In Count Nineteen, Plaintiff seeks relief under the UETA, N.J.S.A. § 12A:12-1.  In 2001, the New Jersey enacted the UETA to address the shift from traditional paper transactions to electronic transactions.  *See L.* 2001, *c.* 116, § 6.  The UETA governs transactions between parties who have agreed to conduct their transaction

by electronic means.  *N.J.S.A.* 12A:12-5(b).  Under the UETA, a contract cannot "be denied legal effect . . . solely because an electronic record was used in its formation."  *N.J.S.A.* 12A:12-7(b).

As an initial matter, Plaintiff does not allege what provision of the UETA Defendants allegedly violated.  Plaintiff only asserts the conclusory allegation that "Wells Fargo converted the defendant's [sic] Note as an electronic record to [Fannie Mae] … The defendant [sic] further alleges that the [UETA] was violated, and the Owner who is the obliger/issuer of the electronic record did not expressly agree that the mortgage Note is an electronically transferable record."  *DE 1-1, ¶ 154.*

It is unclear how the UETA relates to this action.  The UETA merely stands for the proposition that "consumer contracts are legally valid even though electronic records, rather than formal writings, are used in their formation."  *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 423 (N.J. 2012); *see also N.J.S.A.* 12A:12-7. Plaintiff also fails to identify how Defendants could have violated this statutory provision.  Simply put, Plaintiff fails to state a claim under the UETA because no claim exists.

## Q.   <u>Plaintiff's Fair Foreclosure Act Claim is Unsustainable</u>

In a tacit admission that this new action is nothing more than another collateral attack against the Foreclosure Action, the Complaint's Twentieth Count asserts a claim against Wells Fargo under the FFA.  Notwithstanding the fact that Plaintiff

was provided with proper notices under the FFA, Plaintiff's claim fails for a multitude of reasons. First, Plaintiff is recycling a claim that was ruled on in Foreclosure Action. Further, there is no private right to a cause of action under the FFA. *See generally, N.J.S.A.* §2A:50-53, *et seq*. The lack of a private right of action in the FFA is fatal to Plaintiff's claim and Count Twenty should be dismissed.

## CONCLUSION

For all of the reasons stated herein, Defendants respectfully request that the Court Dismiss Plaintiff's Complaint, with prejudice.

**REED SMITH LLP**

*s/Aaron M. Bender*
Aaron M. Bender

Dated: January 17, 2023